NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1608
_____

STEPHEN J. BURDA,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF CORRECTIONS;
DAVID A. VARANO; ROBERT MCMILLAN; RHONDA M. ELLETT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 4-11-cv-00500
District Judge: The Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 21, 2013

Before:  AMBRO, SMITH, and CHAGARES, *Circuit Judges*

(Filed: December 3, 2013)


_____


OPINION

_____

SMITH, *Circuit Judge.*

Stephen J. Burda is a former employee of the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Coal Township ("SCI-Coal Township"). He was terminated from his position as a Corrections Electrical Trade Instructor on or around June 23, 2010.

On March 18, 2011, Burda filed this action in the United States District Court for the Middle District of Pennsylvania against the Commonwealth of Pennsylvania, DOC, SCI-Coal Township, and the following DOC employees: David A. Varano, Robert McMillan, and Rhonda M. Ellett (collectively, "defendants"). Burda's complaint alleges the following causes of action: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; (3) retaliation in violation of Title VII and the ADEA; (4) creation of a hostile work environment in violation of Title VII and the ADEA; (5) age and gender discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951–963; and (6) claims under 42 U.S.C. § 1983 for violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution.[1]

At the close of discovery, defendants filed a motion for summary judgment

with respect to all of Burda's claims. After briefing on the motion was completed, the District Court referred the motion to Magistrate Judge Mildred E. Methvin. In a detailed Report and Recommendation ("R&R") dated January 4, 2013, Judge Methvin recommended that defendants' motion for summary judgment be granted. The District Court then reviewed the R&R in accordance with the guidelines set forth by this Court in *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). After its review, the District Court adopted the R&R and granted defendants' motion for summary judgment. This appeal followed.[2]

For substantially the reasons set forth in the thorough R&R adopted by the District Court, we conclude that the District Court appropriately granted summary judgment in favor of defendants. The undisputed facts do not support Burda's claims, and Burda failed to proffer evidence sufficient to satisfy the applicable burdens of proof. Accordingly, we will affirm the judgment of the District Court.

---

[1] Burda's complaint also asserted claims for conspiracy under 42 U.S.C. §§ 1981 and 1983, but Burda withdrew those claims before the District Court and he does not raise them on appeal.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment and apply the same standard that the District Court would apply." *Burton v. Teleflex Inc.,* 707 F.3d 417, 424–25 (3d Cir. 2013) (citing *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010)).